Soheyl Tahsildoost (Bar No. 271294)
12100 Wilshire Blvd. Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Tesla, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE M. DUENES and BENJAMIN DUENES,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: '24CV2106 TWR DDL<br>[Orange County Superior Court Case No. 30-2024-01430755-CU-BC-NJC]<br><br>**DEFENDANT TESLA INC.'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**<br><br>Complaint Filed: October 2, 2024 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Tesla, Inc. ("TESLA"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. Defendant TESLA states as follows:

**Jurisdiction and Authority for Removal**

1) On October 2, 2024, an action was commenced by Plaintiffs Faye M. Duenes And Benjamin Duenes ("Plaintiffs") against Defendant TESLA in the Superior Court of the State of California for the County of Orange, entitled "FAYE M. DUENES and BENJAMIN DUENES v. TESLA, INC., a corporation; and DOES 1 through 10, inclusive" ("State Court Case"), Case No. 30-2024-01430755-CU-BC-NJC. The summons and

Complaint were served on Tesla on October 10, 2024. This removal is therefore timely under 28 U.S.C. §1446(b). Attached hereto as **Exhibit A** are all the documents served on the removing Defendant TESLA in the State Court Case, including a copy of the conformed State Court Case complaint.

2) The Southern District of California encompasses Orange County. Venue is appropriate based on the fact that this action was filed in Orange County and based on the allegations in the Complaint in the State Court Case.

3) This Court has complete diversity jurisdiction over this action. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 20 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).

4) Plaintiffs at the time this action was commenced, was and still are citizens of the State of California. (Exhibit A, Complaint ¶ 1.) The file materials demonstrate Plaintiffs are domiciled in California.

5) Defendant Tesla, at the time this action was commenced, was and still is a corporation. A corporation is a citizen of any state where it has been incorporated and has its principal place of business. A corporation's principal place of business is its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The nerve center is where the corporation's officers direct, control, and coordinate business activity.

6) Tesla is the only named Defendant in this action. (Exhibit A, Complaint.) Tesla is now, and was at the time the Complaint was filed, a corporation incorporated in the state of Delaware with its principal place of business in the state of Texas, and was not and is not organized under the laws of the State of California, wherein this action was brought.

7) Complete diversity therefore existed as of the time the action was commenced in state Court and exists at the time of removal. There are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. *See Salveson*

*v. Western State Bank Card Assn.,* 731 F.2d 1423 (9th Cir. 1984).

8) Plaintiffs are alleging multiple violations of the Song-Beverly Consumer Warranty Act. Plaintiffs allege that Plaintiffs acquired the vehicle, a 2022 Tesla Model X, having VIN No.: 7SAXCBE58NF336450. (Exhibit A, Complaint ¶ 6.)

9) Plaintiffs are seeking replacement or restitution, including the entire price paid or payable for the Subject Vehicle, incidental and consequential damages, a civil penalty in an amount not to exceed two times the amount of Plaintiffs' actual damages pursuant to California Civil Code section 1794 subdivision (c), along with attorneys' fees, and costs of suit. (Exhibit A, Complaint ¶ 18-19, 25-27, P. 7:1-9 to 8:10-13. ("Prayer for Relief".)) Per the Complaint, Plaintiffs specifically seek $144,128.00 in actual damages. (Exhibit A, Complaint, p. 7:3.) (Prayer for Relief".) **Exhibit B** demonstrates that the total price for the Subject Vehicle is $112,690.00. The amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiffs' Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. See *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Here, the amount in controversy is met even without considering any incidental or consequential damages or civil penalties.

10) Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See* also *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014). Additionally, Plaintiffs seek incidental and consequential damages. Plaintiffs' civil penalty claim requests a penalty equal to double the amount of the paid or payable damages and incidental and consequential damages.

Therefore, the potential liability to Tesla in this action, assuming a maximum civil penalty award but without any consideration of claimed incidental or consequential damages, and accounting for any buyout of the vehicle is $432,384.00. The amount in controversy of $75,000.00 is met.

11) Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See Id.; Morrison v. Allstate lndem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue*, *Inc*., 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc*., 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc*., 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. *Id*. Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. *See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

12) Defendant Tesla will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and all parties and will file a copy of this Notice of Removal with

the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

Dated: November 8, 2024

THETA LAW FIRM, LLP

SOHEYL TAHSILDOOST
Attorney for Defendant Tesla, Inc.

**DECLARATION OF SOHEYL TAHSILDOOST**

I, Soheyl Tahsildoost, declare as follows:

1. I am a partner in the law firm of Theta Law Firm, LLP, attorneys of record for Defendant Tesla, Inc.("Tesla"). This declaration is offered in support of Tesla's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1332, 1441 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. Defendant Tesla was served with Plaintiffs' Summons and Complaint on October 10, 2024. A true and correct copy of all the documents served on Defendant TESLA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Monroney for the Subject Vehicle.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 8, 2024 at Los Angeles, California.

SOHEYL TAHSILDOOST

# PROOF OF SERVICE

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 12100 Wilshire Blvd. Suite 1070 Los Angeles, CA 90025. My Eservice address is: eservice@thetafirm.com. On **November 8, 2024,** I served the following documents described as **DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST,** as follows:

| MFS Legal Inc.<br>Neal F. Morrow III<br>Ahmed Yousef<br>5318 East 2nd Street #490<br>Long Beach, CA 90803<br>(562) 379-2654<br>eservice@calemonlawteam.com<br>lawclerk@calemonlawteam.com<br>neal@calemonlawteam.com<br>ahmed@calemonlawteam.com | |
|---|---|

☐ BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **November 8, 2024** at Los Angeles, California.

____________________________
Josie Minjiao